Mamo Pittoni, J.
In this proceeding pursuant to article 78 of the CPLR, judgment is granted in favor of petitioners annulling the determination of respondent dated November 13, 1969, and directing respondent to issue the variances requested.
Petitioners are executrices of the estate of their mother, Martha B. 'Sutphen, the owner of real property known as 150 Wellington Road, G-arden City, New York. The plot, rectangular in shape, has a frontage on the westerly side of Wellington Road of 120 feet and a depth of 100 feet. It is located in -an R-8 residential district in which since 1946 a minimum street frontage of 75 feet and a minimum area of 8,000 square feet are required for building plots. Petitioners’ mother became the owner in 1943. Prior thereto a dwelling had been erected on the northerly 60 feet by 100 feet part.
*460 In support of their application for variances to permit the division of the plot into two 60 feet by 100 feet parcels, petitioners offered evidence which shows: 1) that as a single parcel the property is worth or can be sold for approximately $40,000, whereas if the variances are granted, the improved northerly part could be sold for $37,500 and the vacant southerly part for $22,000; 2) that on the westerly side of Wellington Road, between Stratford Avenue and Newmarket Road, two improved parcels have 60 feet frontage each, four have 80 feet frontage apiece, one 89.8 feet frontage, and two (including subject property) have frontage of 120 feet each; 3) that on the opposite or easterly side of Wellington, 7 of the 11 parcels (all improved) have 60 feet of frontage.
Respondent, in its decision, found: 1) that the existing dwell-on the northerly part would not comply with the total side-yard requirement; 2) that the property in its present state (based upon the sale of a comparable property on Roxbury Road) is worth in excess of $47,875; 3) that a neighbor to the south offered to purchase the most southerly 20 feet by 100 feet portion for $4,000; 4) that the percentage of conforming plots in the entire district and on the westerly side of Wellington Road in the block where the subject property is located exceeds the nonconforming or substandard plots.
There was no evidence offered to show and no finding made that “the public health, safety and welfare will be served” (Matter of Fulling v. Palumbo, 21 N Y 2d 30, 34) by an adherence to the restrictions of the ordinance. As stated in the Fulling case (supra, p. 34): “ until such a showing is made, the fact that the property owner will suffer a severe financial loss by the operation of the ordinance should be sufficient to entitle him to relief.”
Petitioners did not request a variance of the side-yard restrictions and are agreeable, as was stated by their counsel at the hearing, to a removal of an existing porch to make the side yards of the northerly part conform to the ordinance. There is no factual statement to show that the dwelling sold on Roxbury Road for $47,875 was “comparable.” The offer to purchase one third of the proposed 60 feet by 100 feet southern portion for $4,000 would still require petitioners to sustain a loss of about $18,000.
Respondent’s last argument is that granting petitioners’ application ‘1 would tend to break down the restrictions of the ordinance and be detrimental to the surrounding area.” Taking the latter first, respondent fails to show how it would be detrimental. *461 Considering the first, that it ‘ ‘ would tend to break down the restrictions ’ ’, this again is not supported by the facts. The “ R-8 ” area in issue now has 84 nonconforming plots and 117 that conform. Thus, 41.7% of the plots are nonconforming. Furthermore, there are only 4 or 5 plots left in that area that might be subjects of applications for variances; that is, 4 or 5 out of 201 plots in that area.
Thus, the only conclusion authorized under the Fulling case (21 N Y 2d 30, supra) is that respondent unreasonably denied the variances.
Petitioners are entitled to judgment.